NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
JOHN J. SWAFFORD (State Bar No. 321174)
John.Swafford@McNamaraLaw.com
McNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
CITY OF HAYWARD AND JEFFREY LUTZINGER

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RHODA,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF HAYWARD, JEFFREY LUTZINGER, in his individual and official capacity, and DOES 1-10, inclusive,<br><br>Defendant. | Case No. C25-01781 LB<br><br>**ANSWER TO COMPLAINT FOR VIOLATION OF CIVIL RIGHTS** |

Defendant CITY OF HAYWARD ("Defendant") responds to Plaintiff DAVID RHODA ("Plaintiff") Complaint for Violation of Civil Rights (ECF 1). Defendant demands a jury trial in this action.

## NATURE OF THE ACTION/STATEMENT OF FACTS

1.      In answering the allegations in Paragraphs 1 through 18, Defendant CITY OF HAYWARD responds as follows:  On June 7, 2024, Officer Lutzinger observed Plaintiff operate his motorcycle as part of a large group of motorcycle operators in a reckless manner about a public roadway, as they performed wheelies, made unsafe lane changes and failed to stop at a controlled intersection, threatening public safety. Officer Lutzinger observed a stalled motorcyclists off the roadway where he stopped to engage the subject rider. As Officer Lutzinger approached the subject, he observed Plaintiff also stopped near the motorcyclist. Officer Lutzinger attempted to detain Plaintiff, before

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

he drove away, by physically grabbing his upper torso area when Plaintiff in an attempt to flee accelerated his motorcycle causing the motorcycle to project forward while Plaintiff fell to a seated position along the roadway.

2.    Plaintiff was detained in handcuffs and was cited and released on scene for the violation of California Vehicle Code 23109(c) (exhibition of speed – as misdemeanor crime). As such based on Plaintiff's violation of vehicle code for exhibition of speed granted the Officer authority to impound Plaintiff's motorcycle pursuant to California Vehicle Code 23019.2 (a peace officer may seize a motor vehicle involved acts of exhibition of speed.)

3.    Plaintiff declined medical treatment and did not report that he suffered any injuries during his attempted flight from detention.

4.    Defendant denies the remaining allegations in Paragraphs 1 through 18 of Plaintiff's Complaint.

## JURISDICTION

5.    Defendant neither admits nor denies the allegations in Paragraphs 19 of Plaintiff's Complaint because it includes contentions and legal matters not proper for admission or denial though Defendant admits that jurisdiction within this Court is proper at this time, as alleged in Paragraph 20.

## VENUE

6.    Defendant admits that the venue is proper as the alleged incident occurred in Alameda County, within the Northern District of California, as alleged in Paragraph 21.  Defendant neither admits nor denies the remaining allegations in Paragraph 21 of Plaintiff's Complaint because it includes contentions and legal matters not proper for admission or denial.

7.    Defendant neither admits nor denies the allegations in Paragraph 22 of Plaintiff's Complaint because it includes contentions and legal matter not proper for admission or denial.

## PARTIES

8.    Defendant neither admits nor denies the allegations in Paragraph 23 of Plaintiff's Complaint because it includes contentions and legal matters not proper for admission or denial.

9.    Defendant admits the CITY OF HAYWARD is a municipal public entity existing under the

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

laws of the State of California, and the CITY OF HAYWARD did operate the Hayward Police Department. Defendant neither admits nor denies the remaining allegations in Paragraph 24 of Plaintiff's Complaint because it includes contentions and legal matters not proper for admission or denial.

10. Defendant neither admits nor denies the allegations in Paragraph 25 of Plaintiff's Complaint because it includes contentions and legal matters not proper for admission or denial.

11. Defendant neither admits nor denies the allegations in Paragraph 26 of Plaintiff's Complaint because it includes contentions and legal matters not proper for admission or denial.

## DAMAGES

12. In answering Plaintiff's "DAMAGES" portion of the Complaint, including Paragraphs 27 through 29, Defendant denies that Plaintiff is entitled to any damages in this matter. In general, Defendant neither admits nor denies the allegations in Paragraphs 27 through 29 of Plaintiff's Complaint because it includes contentions and legal matters not proper for admission or denial.

## CLAIMS FOR RELIEF

### First Cause of Action

### Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)

### By Plaintiff against Defendants Jeffrey Lutzinger, and DOES 1-10

13. In answering the allegations in Paragraphs 31[1] through 37, Defendant incorporates by reference its responses to Paragraphs 1 through 29 of Plaintiff's Complaint.

14. Except as to matter previously admitted, Defendant denies the remaining allegations in Paragraphs 31 through 37.

### Second Cause of Action

### Fourth Amendment (42 U.S.C. §1983)

### Against Defendant Jeffrey Lutzinger and DOES 1-10

15. In answering the allegations in Paragraphs 67 through 73, Defendant incorporated by reference its responses to Paragraphs 1 through 29 of Plaintiff's Complaint.

---

[1] Plaintiff missed numbered paragraphs on multiple causes of action.

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

16.     Except as to matters previously admitted, Defendant denies the remaining allegations in Paragraphs 67 through 73.

### Third Cause of Action

### Bane Act (Cal Civ. Code §52.1)

### (California Tort Claims Act, Cal. Gov't Code §§815.2, 820)

### (Against Defendants City, Lutzinger)

17.     In answering the allegations in Paragraphs 38 through 45, Defendant incorporates by reference it responses to Paragraphs 1 through 29 of Plaintiff's Complaint.

18.     Except as to matters previously admitted, Defendant denies the remaining allegations in Paragraphs 38 through 45 of Plaintiff's Complaint.

### Fourth Cause of Action

### Negligence (Cal. Govt. Code § 820 and California Common Law)

### (By Plaintiff Against all Defendants)

19.     In answering the allegations in Paragraphs 46 through 49, Defendant incorporates by reference its responses to Paragraphs 1 through 29 of Plaintiff's Complaint.

20.     Except as to matters previously admitted, Defendant denies the remaining allegations in Paragraphs 46 through 49 of Plaintiff's Complaint.

### Fifth Cause of Action

### Battery (Cal. Govt. Code §820 and California Common Law)

### By Plaintiff against Defendant CITY and Defendant Lutzinger

21.     In answering the allegations in Paragraphs 50 through 53, Defendant incorporates by reference its responses to Paragraphs 1 through 29 of Plaintiff's Complaint.

22.     Except as to matters previously admitted, Defendant denies the remaining allegations in Paragraphs 50 through 53 of Plaintiff's Complaint.

### PRAYER FOR RELIEF

23.     Defendant neither admits nor denies the allegations in the "PRAYER FOR RELIEF" portion of Plaintiff's Complaint, which included five subparts, as they include contentions and legal matters not proper for admission or denial.

1

**AFFIRMATIVE DEFENSES**

2    1.    AS FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that

3    Plaintiff's Complaint fails to state cognizable legal theories and/or facts sufficient to constitute

4    cognizable legal theories against Defendant.

5    2.    AS FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges

6    that Plaintiff failed to state facts sufficient to support a prayer for punitive damages and/or

7    exemplary damages against any Defendant.

8    3.    AS FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that

9    Plaintiff had full knowledge of all the risks, dangers, and hazards, if any there were, and

10   nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions

11   and the magnitude of the risk involved, assumed the risk of injuries and damages to themselves.

12   4.    AS FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges

13   that at all times and places mentioned in Plaintiff's Complaint, Plaintiff failed to mitigate the

14   amount of his damages, if any.  The damages claimed by Plaintiff could have been mitigated by

15   due diligence on his part or by one acting under similar circumstances.  Plaintiff's failure to mitigate

16   is a bar or limit to his recovery under the Complaint.

17   5.    AS FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that

18   the sole proximate cause of the injuries and damages, if any, allegedly suffered by Plaintiff was the

19   negligence and fault of Plaintiff and/or others, or on the part of any person or entity for whose acts

20   or omissions Defendant is not legally or otherwise responsible, or, in the alternative, that the

21   negligence and fault of the Plaintiff in and about the matters alleged in the Complaint herein

22   proximately contributed to the happening of the incident and to the injuries, loss and damages

23   complained of, if any there were, and said negligence on the part of Plaintiff or others requires that

24   any damages awarded to Plaintiff shall be diminished in proportion to the amount of fault attached

25   to the Plaintiff and/or others.

26   6.    AS FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that

27   Plaintiff by virtue of his own conduct and omissions, has enhanced and materially contributed to

28   the damages, if any there may be, allegedly sustained by Plaintiff as a result of the acts or omissions

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

1    complained of herein.

2    7.    AS FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges

3    that at all times herein mentioned, the acts complained of, if any there were, were privileged under

4    applicable federal and state statutes and/or case law.

5    8.    AS FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges

6    that at all times herein mentioned, Defendant is immune from liability herein pursuant to the

7    provisions of California Government Code Sections 810 through 996.6.

8    9.    AS FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that

9    at all times herein mentioned, all actions taken by the Defendant (and/or any other officers named

10   herein at any time) was/were reasonable under the circumstances and taken under a good faith belief

11   that the actions were not unlawful and the Defendant is therefore immune under the "good faith

12   immunity" and/or qualified immunity doctrine.

13   10.   AS FOR A TENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that

14   Defendant shall only be responsible for damages, if any, in an amount determined pursuant to and

15   in accordance with Proposition 51 (Civil Code § 1431.2).

16   11.   AS FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

17   alleges that the alleged acts or omissions of the Defendant (and/or any other officers named herein

18   at any time), were based upon the officers' reasonable cause to believe that they had reasonable

19   suspicion to detain and/or probable cause to arrest Plaintiff, and the officers' used reasonable force

20   to effect the detention and/or arrest to prevent the escape and overcome the resistance of the

21   Plaintiff and for the safety of the lives of themselves and others; and the officers' are therefore

22   immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

23   12.   AS FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges

24   that only such reasonable force as was necessary and lawful under the circumstances was used by

25   the officer in relation to the contact with Plaintiff.

26   13.   AS FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

27   alleges that to the extent Plaintiff alleges or asserts matters not contained in a legally sufficient

28   claim filed by him, this action is barred by the claims requirement set forth in California

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

Government Code § 905 et seq.

14.    AS FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the matters complained of by Plaintiff, if committed by the Defendant, was consented to by Plaintiff.

15.    AS FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that at or about the time of the alleged event, the Defendant and/or its officers was/were presented with and had in their possession sufficient facts to constitute reasonable suspicion for a detention and/or probable cause for the arrest of Plaintiff.

16.    AS FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

17.    AS FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that there is no statutory or other basis for the attorney's fee sought by Plaintiff.

18.    AS FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the officer was acting in good faith in respect to the acts and/or omissions alleged in the Complaint.

19.    AS FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff, himself, was violent, combative, threatening, and/or furtive towards the peace officers, and the peace officers acted in self-defense and/or per their own sworn duty to protect themselves and others, in relation to any claimed used of force.

20.    AS FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that they reasonably relied upon dispatch reporting and records, public records and/or information of the State of California, other law enforcement related databases and other sources of information, in taking the action against Plaintiff, making their conduct reasonable and lawful under the circumstances.

21.    AS FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, the answering Defendant alleges that it is immune from liability herein pursuant to the absolute

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

privilege of Civil Code § 47(b).

22.    AS FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Defendant and/or its employees are immune from liability by virtue of the provisions of Section 815 of the California Government Code.

23.    AS FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Defendant and/or its employees are immune from liability by virtue of the provisions of Section 820.4 of the California Government Code.

24.    AS FOR A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Defendant and/or its employees are immune from liability by virtue of the provision of Section 820.6 of the California Government Code.

25.    AS FOR A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Defendant and/or its employees were acting in self-defense at the time any alleged reasonable force may have been used on Plaintiff.

26.    AS FOR A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that because Plaintiff's Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this matter.  Accordingly, the right to assert separate affirmative defenses, if and to the extent such affirmative defenses are applicable, is here reserved.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for the following relief:

1.    The Plaintiff takes nothing by way of his Complaint herein,

2.    For the costs of suit,

3.    For attorney's fees,

4.    For such further relief as this Court may deem just and proper.

///
///
///
///

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

1         The undersigned attests that permission in the filing of this document(s) has been obtained

2    from the signatory below, which shall serve in lieu of the actual signatures on the document.

3

4    Dated:  April 7, 2025             M<small>CNAMARA</small>, A<small>MBACHER</small>, W<small>HEELER</small>,

5                                      H<small>IRSIG</small> & G<small>RAY</small> LLP

6

7                   By:    /s/ Noah G. Blechman

8                         Noah G. Blechman
                          John J. Swafford
                          Attorneys for Defendant

9                         CITY OF HAYWARD AND JEFFREY LUTZINGER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

M<small>CNAMARA</small>, A<small>MBACHER</small>, W<small>HEELER</small>, H<small>IRSIG</small> & G<small>RAY</small> LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330